USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/10/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE NOVAGOLD RESOURCES INC. SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>All Actions | MASTER FILE<br><br>1:08-CV-7041 (DLC) (JCF)<br><br>U.S. [PROPOSED REVISED] PRELIMINARY APPROVAL ORDER |

WHEREAS, the parties to the above-captioned action (the "U.S. Action") entered into a Stipulation and Agreement of Settlement, dated as of April 1, 2010, and an Amended Stipulation and Agreement of Settlement, dated as of April 20, 2010, (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the claims alleged in the Corrected Consolidated Class Action Complaint ("Complaint") on the merits and with prejudice (the "Settlement") and related actions pending in Canada; and the Court having read and considered the Stipulation and the accompanying exhibits; and the parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Stipulation;

WHEREAS, it is a condition to the effectiveness of the proposed Settlement that the related actions pending in Canada also be settled or dismissed and that the Settlement be approved by the Supreme Court of British Columbia and the Ontario Superior Court of Justice.

NOW, THEREFORE, IT IS HEREBY ORDERED, this 10th day of May, 2010 that:

1. The Court has reviewed the Stipulation and preliminarily finds the Settlement set forth therein to be fair, reasonable, and adequate, subject to further consideration at the settlement hearing described below.

2. The Court hereby preliminarily certifies the following class for the purposes of settlement only (the "U.S. Class"), pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure: all Persons, other than Excluded Persons, who: (i) purchased NovaGold Resources Inc. ("NovaGold" or the "Company") common stock on the American Stock Exchange ("AMEX")[1] during the period from October 25, 2005 to and including January 16, 2008 (the "Class Period"); (ii) are United States residents that purchased NovaGold common stock on the Toronto Stock Exchange ("TSX") during the Class Period; or (iii) are United States residents that purchased publicly traded NovaGold common stock by any other means during the Class Period, and were allegedly damaged thereby ("U.S. Class Members"). Excluded Persons are: (i) current or former defendants in the Actions; (ii) members of the immediate family of each current or former individual defendant in the Actions; (iii) any entity in which NovaGold or one of the current or former individual defendants has a controlling interest; (iv) any parent, subsidiary, or affiliate of NovaGold; (v) any person who was an officer or director of NovaGold or any of its subsidiaries or affiliates during the Class Period; (vi) the legal representatives, heirs, predecessors, successors, or assigns of any current or former defendant in the Actions; (vii) Electrum Strategic Resources LLC; and (viii) any member of the Class who timely and validly requests exclusion in the manner approved by the Courts.

---

[1] AMEX refers to the stock exchange formerly known as the American Stock Exchange, now known as NYSE Amex Equities.

3.    The Court preliminarily, and for the purposes of settlement only, finds and concludes that the prerequisites of class action certification under Fed. R. Civ. P. 23(a) and 23(b)(3) have been satisfied for the U.S. Class defined herein, in that:

    (a)    the members of the U.S. Class are so numerous that joinder of all U.S. Class Members is impracticable;

    (b)    there are questions of law and fact common to the U.S. Class Members;

    (c)    U.S. Lead Plaintiff's claims are typical of the U.S. Class's claims;

    (d)    U.S. Lead Plaintiff and its counsel have fairly and adequately represented and protected the interests of the U.S. Class;

    (e)    questions of law and fact common to the U.S. Class Members predominate over any individual questions; and

    (f)    a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of U.S. Class Members in the U.S. Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the U.S. Class Members are too small to justify the expense of individual actions; and it does not appear that there is any intent among U.S. Class Members in individually controlling the litigation of their claims.

4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of the Settlement only, U.S. Lead Plaintiff the New Orleans Employees' Retirement System is certified as Class Representative. The law firm of Labaton Sucharow LLP is appointed U.S. Class Counsel.

5. A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on September 10, 2010, at 2:00 p.m. for the following purposes:

(a) to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b) to determine whether the U.S. Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Complaint filed herein, on the merits and with prejudice, and to determine whether the release by the U.S. Class of the Settled Claims, as set forth in the Stipulation, should be provided to the Released Parties;

(c) to determine whether the U.S. Class should be finally certified for settlement purposes only and the appointment of U.S. Lead Plaintiff and U.S. Lead Counsel as Class Representative and Class Counsel, respectively;

(d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is reasonable and should be approved by the Court;

(e) to consider U.S. Lead Counsel's application for an award of attorneys' fees and expenses;

(f) to consider U.S. Lead Plaintiff's application, if any, for its reasonable costs and expenses (including lost wages) relating to his representation of the U.S. Class; and

(g) to rule upon such other matters as the Court may deem appropriate.

6. The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter the U.S. Order and Final Judgment approving the Settlement and dismissing the Complaint on the merits and with prejudice regardless of whether it has approved the Plan of

Allocation or awarded attorneys' fees and expenses. The Court may also adjourn the Settlement Hearing or modify any of the dates herein without further notice to members of the U.S. Class.

7. The Court approves the form, substance and requirements of the Notice of Pendency and Proposed Settlement of Class Actions (the "Notice") and the Proof of Claim and Release form ("Proof of Claim"), annexed hereto as Exhibits 1 and 2, respectively.

8. The Court approves the appointment of The Garden City Group Inc. as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below. The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto ("Claim Packet"), to be mailed, by first class mail, postage prepaid, on or before ten (10) business days after entry of this order ("Notice Date").

9. Defendant NovaGold, to the extent it has not already done so, shall use its best efforts to cause its transfer records and shareholder information to be made available to the Claims Administrator within seven (7) calendar days from the date of this order solely for the purpose of identifying and giving notice to the U.S. Class. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise acquired NovaGold common stock during the period from October 25, 2005 to and including January 16, 2008, (the "Class Period") as record owners but not as beneficial owners by mailing, e-mailing, or faxing the Claim Packet to such nominee purchasers. Such nominee purchasers are directed, within seven (7) calendar days of their receipt of the Claim Packet, to either send copies of the Claim Packet to their beneficial owners by first class mail, e-mail, or facsimile or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to

send the Claim Packet promptly to such identified beneficial owners. Nominee purchasers who elect to send the Claim Packet to their beneficial owners shall also send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Claim Packet shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders may be reimbursed from the Settlement Fund, after receipt by the Claims Administrator of proper documentation, for their reasonable expenses incurred in sending the Claim Packet to beneficial owners.

10. The Claims Administrator and U.S. Lead Counsel shall also post the Claim Packet on their websites. U.S. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing and posting of the Claim Packet.

11. The Court approves the form of the Summary Notice of Pendency and Proposed Settlement of Class Actions ("Summary Notice") substantially in the form annexed hereto as Exhibit 3 and directs that U.S. Lead Counsel shall cause the Summary Notice to be published in the national edition of *The Wall Street Journal* and be transmitted over *PRNewswire* by the Notice Date. U.S. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

12. The form and content of the notice program described herein, and the method set forth herein of notifying the U.S. Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

13. In order to be entitled to receive a distribution from the net monetary recovery pursuant to the Settlement (the "Net Settlement Fund"), in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each U.S. Class Member shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim, substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in the Notice, postmarked or received not later than September 15, 2010. Such deadline may be further extended by Court Order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice. Any Class Member who does not timely or validly submit a Proof of Claim shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court.

(b) The Proof of Claim submitted by each Class Member must satisfy the following conditions, unless otherwise ordered by the Court: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by U.S. Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a

certification of her current authority to act on behalf of the U.S. Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

       (c)    As part of the Proof of Claim, each U.S. Class Member shall (subject to effectuation of the Settlement) release all Settled Claims as provided in the Stipulation. Each U.S. Class Member shall also submit to the jurisdiction of the Court with respect to the claim submitted, however, if the U.S. Class Member is also a member of a Canadian Class, the U.S. Class Member shall elect, with prejudice, a court to exercise jurisdiction over his, her, or its claim. If no election is made, this Court shall have jurisdiction over the claim. Proofs of Claim that do not meet the submission requirements may be rejected. Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate with the claimant in order to afford the claimant the opportunity to remedy curable deficiencies in the Proof of Claim submitted. The Claims Administrator, under supervision of U.S. Lead Counsel, shall notify in a timely fashion (assuming receipt of the Proof of Claim by the deadline) and in writing, all claimants whose Proofs of Claim they propose to reject in whole or in part, setting forth the reasons therefore, and shall indicate in such notice that the claimant whose claim is to be rejected in whole or in part has the right to a review by the Court if such claimant so desires.

       (d)    Any Class Member who does not submit a Proof of Claim in the manner set forth herein, or as otherwise ordered by the Court, shall not be entitled to share in the Settlement Fund, but nonetheless shall be barred and enjoined from asserting any of the claims that have been or might have been asserted in the Action.

14. U.S. Class Members shall be bound by all orders, determinations and judgments in the U.S. Action, whether favorable or unfavorable, unless such persons request exclusion from the U.S. Class in a timely and proper manner, as hereinafter provided. A Person who requests exclusion but whose request is either improper or untimely will be included in the Class and, upon the Effective Date of the Settlement, will be bound by such Settlement and any judgment rendered in connection therewith. A U.S. Class Member wishing to make such an exclusion request shall submit the request in written form, postmarked or received on or before July 14, 2010, to the address designated in the Notice for such exclusions. Such request for exclusion shall clearly indicate the name, address, and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Class in the *NovaGold Resources Inc. Securities Litigation*, and must be signed by such person. Such persons requesting exclusion are also directed to state: the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of NovaGold common stock during the Class Period; and provide documentation of their transactions. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

15. A U.S. Class Member may submit a written revocation of a request for exclusion to the Claims Administrator so that it is received no later than three (3) business days before the Settlement Hearing in order to be eligible to receive payments pursuant to the Stipulation and Settlement, provided the U.S. Class Member also timely submits a valid Proof of Claim.

16. U.S. Class Members requesting exclusion from the U.S. Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

17. The Court will consider objections by U.S. Class Members to the Settlement, the Plan of Allocation, the request for an award of attorneys' fees, or the requests for reimbursement of expenses only if such objections and any supporting papers are filed in writing with:

Clerk of the Court
United States District Court for the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

and copies of all such papers are delivered or sent by first class mail (with a corresponding postmark), on or before July 14, 2010, upon the following:

LABATON SUCHAROW LLP
Joseph A. Fonti, Esq.
140 Broadway
New York, New York 10005

Attendance at the Settlement Hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the requests for attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or the requests for an award of attorneys' fees and other expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. U.S. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

18. An objection by a U.S. Class Member who is also a member of one of the Canadian Classes, may only be filed in one court. By filing an objection in this Court, such U.S. Class Member agrees to be bound exclusively by all orders and judgments issued by this Court and any of its reviewing courts.

19. Any U.S. Class Member who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement, to the Plan of Allocation, and/or the requests for an award of attorneys' fees and other expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the judgment to be entered and the releases to be given.

20. Pending final determination of whether the Settlement should be approved, U.S. Lead Plaintiff, all U.S. Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, or prosecute any action which asserts Settled Claims against the Released Parties.

21. As provided in the Stipulation, U.S. Lead Counsel may pay the Claims Administrator a portion of the reasonable fees and costs associated with giving notice to the U.S. Class and the review of claims and administration of the Settlement out of the Settlement Fund, including paying taxes, without further order of the Court.

22. All papers in support of the Settlement, Plan of Allocation, U.S. Lead Counsel's request for an award of attorneys' fees and expenses, and U.S. Lead Plaintiff's request, if any, for its reasonable costs and expenses (including lost wages) relating to its representation of the U.S. Class shall be filed with the Court and served by overnight mail or hand delivery on or before September 3, 2010, seven (7) calendar days prior to the date set herein for the Settlement Hearing.

23. No person who is not a Class Member, U.S. Lead Plaintiff, or U.S. Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

24. All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed or returned pursuant to the Stipulation and/or further order of the Court.

25. If any specified condition to the Settlement set forth in the Stipulation is not satisfied and U.S. Lead Plaintiff, U.S. Lead Counsel, or Defendants elect to terminate the Settlement as provided in paragraphs 38 - 40 of the Stipulation, then, in any such event, the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and each Settling Party shall be restored to his, her, or its respective litigation position as it existed prior to the execution of the Stipulation.

26. The Exhibits attached to the Stipulation filed with the Court are incorporated herein as though set forth in the Order.

27. The Court retains exclusive jurisdiction over the U.S. Action to consider all further matters arising out of or connected with the Settlement.

Dated: May 10, 2010

_____
Honorable Denise Cote
UNITED STATES DISTRICT JUDGE