USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________
DATE FILED: 9/10/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE NOVAGOLD RESOURCES INC. SECURITIES LITIGATION | MASTER FILE |
| | 1:08-CV-7041 (DLC) (JCF) |
| This Document Relates to: | |
| All Actions | |

**~~[PROPOSED]~~ U.S. ORDER AND FINAL JUDGMENT**

WHEREAS, this matter came before the Court for hearing, pursuant to the Order of this Court, on September 10, 2010, on the application of the parties for approval of the Settlement set forth in the Amended Stipulation and Agreement of Settlement, dated as of April 20, 2010 (the "Stipulation"); and

WHEREAS, certain related actions pending in Canada are being settled or dismissed as contemplated in the Settlement;

NOW, THEREFORE, the Court having considered all matters submitted to it at the Settlement Hearing and all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor, IT IS HEREBY ORDERED that:

1. The Stipulation is incorporated by reference in this U.S. Order and Final Judgment. All capitalized terms used herein shall have the meanings set forth in the Stipulation.

2. The Court has jurisdiction over the subject matter of this U.S. Action and over all parties to the U.S. Action, including all U.S. Class Members and the Claims Administrator.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the U.S. Action is hereby finally certified as a class action on behalf of all Persons, other than Excluded Persons, who: (i) purchased NovaGold Resources Inc.

("NovaGold" or the "Company") common stock on the American Stock Exchange ("AMEX")[1] during the period from October 25, 2005 to and including January 16, 2008 (the "Class Period"); (ii) are United States residents that purchased NovaGold common stock on the Toronto Stock Exchange ("TSX") during the Class Period; or (iii) are United States residents that purchased publicly traded NovaGold common stock by any other means during the Class Period, and were allegedly damaged thereby. Excluded Persons are: (i) current or former defendants in the Actions; (ii) members of the immediate family of each current or former individual defendant in the Actions; (iii) any entity in which NovaGold or one of the current or former individual defendants has a controlling interest; (iv) any parent, subsidiary, or affiliate of NovaGold; (v) any person who was an officer or director of NovaGold or any of its subsidiaries or affiliates during the Class Period; (vi) the legal representatives, heirs, predecessors, successors, or assigns of any current or former defendant in the Actions; (vii) Electrum Strategic Resources LLC and (viii) any member of the U.S. Class who timely and validly requested exclusion as listed on Exhibit A hereto.

4. The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of U.S. Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the U.S. Class; (c) the claims of the named representative, U.S. Lead Plaintiff, typical of the claims of the U.S. Class it seeks to represent; (d) the U.S. Lead Plaintiff will fairly and adequately represent the interests of the U.S. Class; (e) the questions of law and fact common to the members of the

[1] AMEX refers to the stock exchange formerly known as the American Stock Exchange, now known as NYSE Amex Equities.

U.S. Class predominate over any questions affecting only individual members of the U.S. Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, U.S. Lead Plaintiff, the New Orleans Employees' Retirement System, is finally certified as U.S. Class Representative and the law firm of Labaton Sucharow LLP is finally appointed U.S. Class Counsel.

5. The Notice of Pendency and Proposed Settlement of Class Actions was given to all U.S. Class Members who could be identified with reasonable effort, as required by the U.S. Preliminary Approval Order. The form and method of notifying the U.S. Class of the pendency of this U.S. Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and other applicable law in the United States. Such notice constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

6. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby finally approves the Stipulation and Settlement and finds that the Settlement is fair, reasonable and adequate. Subject to the terms and provisions of the Stipulation and the conditions therein being satisfied, the parties are directed to consummate the Settlement.

7. The U.S. Action and all claims contained therein are dismissed with prejudice and without costs.

8. Upon the Effective Date, each Releasor, including each U.S. Class Member who has not validly and timely requested exclusion from the U.S. Class, whether or not such U.S.

Class Member executes and delivers a Proof of Claim and Release form, shall be deemed to have, and by operation of this U.S. Order and Final Judgment (the "U.S. Judgment") shall have, released and forever discharged each and every Settled Claim, and is forever barred and enjoined from instituting, commencing, or prosecuting, directly, indirectly, or in any other capacity, any Settled Claim against any of the Released Parties. Upon the Effective Date, the Settled Claims are compromised, settled, released, discharged, and dismissed on the merits and with prejudice.

9. To the maximum extent allowed by law and statute, upon the Effective Date, the Released Parties are released and forever discharged from all claims, cross-claims, or third-party claims arising out of or relating to the Actions in the nature of or for contribution, indemnification, or reimbursement, and the Released Parties are forever barred and enjoined from commencing, prosecuting, or asserting any claim, cross-claim, or third-party claim arising out of or relating to the Actions in any forum against each other for or in the nature of contribution, indemnification, or reimbursement.

10. Upon the Effective Date, each Defendant Releasor shall be deemed to have, and by operation of this U.S. Judgment shall have, released and forever discharged each and every Settled Defendants' Claim, and is forever barred and enjoined from prosecuting any Settled Defendants' Claim against any of the Released Plaintiff Parties. Upon the Effective Date, the Settled Defendants' Claims are compromised, settled, released, discharged, and dismissed on the merits and with prejudice.

11. The Court finds that all parties to the U.S. Action and their counsel have complied with the requirements of the Federal Rule of Civil Procedure 11 as to all proceedings herein.

12. This U.S. Judgment, the Stipulation, any negotiations or proceedings in connection herewith, and/or any orders of any Court relating to it shall:

a. not constitute and will not be construed as, or be deemed to be, evidence or an admission or concession on the part of the Defendants of any liability or wrongdoing whatsoever or of the appropriateness of certifying a class other than for settlement purposes, or on the part of U.S. Lead Plaintiff, the Canadian Plaintiffs, Plaintiffs' Counsel, or any of the Class Members of any lack of merit to the Actions;

b. not be construed as evidence or an admission or concession that the consideration to be given hereunder represents the amount that could or would have been recovered after trial;

c. not be offered or received in evidence in the Actions, or in any other action or proceeding for any purpose, except to enforce their terms;

d. not be deemed to be, or offered by any Settling Party to be received in evidence in any civil, criminal, administrative, or other proceeding, or utilized in any manner whatsoever as, a presumption, a concession, or an admission of any fault, wrongdoing, or liability whatsoever on the part of any Defendant or other Released Parties; provided, however, that nothing shall prevent the Settlement (or any agreement or order relating thereto) from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the Settlement (or any agreement or order relating thereto), or in which the reasonableness, fairness, or good faith of Defendants in participating in the Settlement (or any agreement or order relating thereto) is in issue, or to enforce or effectuate provisions of this Settlement, the U.S. Judgment, or the Proofs of Claim and Release as to the Defendants, Released Parties, U.S. Lead Plaintiff, or the Class Members; except to be filed and used in other proceedings, where relevant, to demonstrate the fact of its

existence and of this Settlement, including, but not limited to, any Defendant filing the Stipulation and/or the U.S. Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. No U.S. Class Member shall have any claim against U.S. Lead Plaintiff, U.S. Lead Counsel, Canadian Representative Plaintiffs, Canadian Class Counsel, or against any of the Defendants, the Released Parties or Defendants' Counsel based on the investments, costs, expenses, administration, allocations, payments, and distributions that are made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation approved by the Courts, or further order of the Courts.

14. Any appeal or any challenge affecting the approval of (a) the Plan of Allocation; (b) the application for an award of attorneys' fees and expenses; or (c) the application by the Class Representative for reimbursement of its costs and expenses shall in no way disturb or affect the finality of the other provisions of this U.S. Judgment or the Effective Date of the Settlement.

15. Without affecting the finality of this U.S. Judgment in any way, jurisdiction is hereby retained over the U.S. Defendants, the U.S. Lead Plaintiff, and the U.S. Class Members (other than those who are also members of one of the Canadian Classes and have elected that one of the Canadian Courts exercise jurisdiction over their claim) for all matters relating to the administration, interpretation, implementation or enforcement of the Stipulation and this U.S.

Judgment, including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the U.S. Class.

16. In the event that the Settlement does not become Final in accordance with the terms of the Stipulation, or is terminated pursuant to the Stipulation, this U.S. Judgment shall be rendered null and void as provided by and in accordance with the Stipulation and shall be vacated, and, in such event, all orders entered and releases delivered in connection herewith shall be null and void as provided by and in accordance with the Stipulation.

17. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. There is no just reason for delay in the entry of this U.S. Judgment and immediate entry by the Clerk of the Court is expressly directed.

19. The Defendants have provided notifications to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. § 1715.

Dated: Sept. 10, 2010

Denise Cote

Honorable Denise Cote
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

Charles Clifton

Cynthia S. Clifton

North Colorado Medical Center Foundation

Margery E. Watson

Marion Jean Wellwood

Wellwood Stables Inc.