USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/27/2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE NOVAGOLD RESOURCES INC. SECURITIES LITIGATION

This Document Relates to:

All Actions

MASTER FILE

1:08-CV-7041 (DLC) (JCF)

## ~~[PROPOSED]~~ ORDER AUTHORIZING DISTRIBUTION OF THE NET SETTLEMENT FUND

**WHEREAS,** U.S. Lead Plaintiff, the New Orleans Employees' Retirement System, on notice to Defendants' Counsel, moved this Court for an order approving a distribution plan for the Net Settlement Fund, and the Court having considered all the materials and arguments submitted in support of this motion, including the Declaration of Jason Zuena in Support of Plaintiffs' Motion for Authorization to Distribute the Net Settlement Fund (the "Zuena Declaration"), submitted therewith;

**WHEREAS,** execution of the proposed distribution is conditioned on approval of the determinations of the Claims Administrator by the Supreme Court of British Columbia and the Ontario Superior Court of Justice, which have jurisdiction over the Canadian Actions.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. This Order incorporates by reference the definitions in the Amended Stipulation and Agreement of Settlement (the "Stipulation"), dated as of April 20, 2010, and the Zuena Declaration and all terms used herein shall have the same meanings as set forth in the Stipulation and the Zuena Declaration.

2. This Court has jurisdiction over the subject matter of this U.S. Action and over all parties to the U.S. Action, including all U.S. Class Members and the Claims Administrator.

3. Lead Plaintiff's plan for distribution of the Net Settlement Fund to Authorized Claimants is **APPROVED**. Accordingly,

a. With respect to U.S. Class Members, the administrative determinations of the Court-appointed Claims Administrator, GCG, Inc. ("GCG"), to accept the Timely Eligible Claims, as set forth in Exhibit D to the Zuena Declaration, and the Late But Otherwise Eligible Claims, as set forth in Exhibit D to the Zuena Declaration, are adopted;

b. With respect to U.S. Class Members, GCG's administrative determinations to reject wholly ineligible or otherwise deficient claims, as set forth in Exhibit E to the Zuena Declaration, are adopted;

c. GCG's determinations to reject Disputed Claims 1-5 and 7 is accepted and the claims are denied.

d. With respect to U.S. Class Members, and upon approval by the Ontario Court and the British Columbia Court with respect to Canadian Class Members, GCG is directed to distribute 100% of the available balance of the Net Settlement Fund consistent with the terms of the Stipulation and after deducting the payments previously allowed and approved herein, and after payment of any estimated Taxes and the costs of preparing appropriate tax returns and any escrow fees, to the Authorized Claimants based on their Recognized Loss in comparison to the total Recognized Loss of all Authorized Claimants (the "Distribution"); provided, however, that Authorized Claimants' prorated payments calculate to at least C$10.

e. In order to encourage Authorized Claimants to cash their distribution checks promptly, and to avoid or reduce future expenses relating to unpaid distribution checks, all distribution checks shall bear the following notation: "CASH PROMPTLY, VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY [DATE 90 DAYS AFTER ISSUE DATE]";

f. Authorized Claimants who do not cash their distribution checks within the time allotted will irrevocably forfeit all recovery from the Settlement, and the funds allocated to all such stale-dated checks will be available in the redistribution to other Authorized Claimants;

g. As set forth in the Stipulation, paragraph 25, any funds remaining in the Net Settlement Fund after distribution, if cost effective and efficient, will be redistributed to Authorized Claimants who cashed their distribution checks and who would receive at least C$10.00 from such redistribution, after payment of any Taxes, escrow fees and unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution. If there is any balance remaining in the Net Settlement Fund after distribution or redistribution to Authorized Claimants, in an amount that is not cost effective or efficient to redistribute to the Authorized Claimants who cashed their distribution checks, then such remaining funds, after payment of any further notice and administration expenses and Taxes, shall, without the need for a further order of this Court, be paid: (i) 75% to an appropriate not-for-profit organization(s) designated by the U.S. Lead Plaintiff and U.S. Lead Counsel; and (ii) 25% to the Law Foundation of Ontario to be deposited into the Access to Justice Fund, the capital and income of which

shall be used in the discretion of the trustees for the purposes of making grants in support of public access to justice in Canada, unless the balance exceeds $10,000.00, in which case the U.S. Lead Plaintiff shall seek court approval for any payment plan. dlc

h. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims by U.S. Class Members arising out of such involvement, and all U.S. Class Members, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making any further claims against the Net Settlement Fund, U.S. Lead Plaintiff, U.S. Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by U.S. Lead Plaintiff or U.S. Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund beyond the amount allocated to Authorized Claimants;

i. No further Proofs of Claims may be accepted, and no further adjustments to Proofs of Claim may be made for any reason, after June 1, 2011;

j. All of the outstanding fees and expenses incurred by GCG in connection with its administration of the Settlement are approved; accordingly, U.S. Lead Counsel shall direct payment of $126,243.94 out of the Settlement Fund to GCG for the unpaid balance of such fees and expenses; and

k. Paper copies of the Proofs of Claim and all supporting documentation may be destroyed one year after the completion of the Distribution and electronic copies of the same may be destroyed three years after the completion of the Distribution.

4. This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement in the U.S. Action, and such other and further relief as this Court deems appropriate.

SO ORDERED:

Dated: New York, New York

June 27, 2011

Denise Cote

DENISE COTE
United States District Judge